# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

GARY W. RICH, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:19-cv-00290

FIRST MERCURY INSURANCE COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant First Mercury Insurance Company's ("FMIC") motion to transfer. (ECF No. 6.) For the reasons discussed more fully below, the Court **DENIES** the motion. (ECF No. 6.)

### I. BACKGROUND

This case arises out of an insurance coverage dispute between Plaintiffs Gary Rich ("Rich") and his law firm the Law Office of Gary W. Rich, L.C. (the "Rich Law Firm") and their insurer FMIC regarding a prior lawsuit Plaintiffs filed in the Northern District of West Virginia. (ECF No. 1-1.) In that prior lawsuit, counterclaims were filed against Plaintiffs. (*See id.* at 4–8.) Those various claims have since been resolved. (*See* ECF No. 7 at 4.) Plaintiffs now seeks defense costs from FMIC for these counterclaims. (*See* ECF No. 1-1.)

Plaintiffs filed the present action in the Circuit Court of Kanawha County, West Virginia. Defendant subsequently removed the action to this Court. (ECF No. 1.) On May 30, 2019, FMIC filed the present motion to transfer this action to the Northern District of West Virginia. (ECF No.

7.) Plaintiffs timely responded to the motion, (ECF No. 8), and FMIC timely replied, (ECF No. 9.) As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Such a transfer, however, is dependent upon the "weighing . . . [of] a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Fourth Circuit has established four factors that a district court should consider in deciding motions to transfer under § 1404(a): "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

Additionally, prior to the Fourth Circuit's decision in *Trustees*, this Court has considered a slightly more detailed list of factors such as the following: "(1) ease of access to sources of proof; (2) the convenience of compulsory process; . . . (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994); *see also Heuvel v. Navy Fed. Credit Union*, No. 3:16-cv-1839, 2016 WL 7155769, at *2 n.3 (S.D. W. Va. Dec. 7, 2016).

"It is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court." *AFA Enters., Inc. v*, 842 F. Supp. at 908 (citations omitted). "The party seeking transfer carries the burden of showing that the current venue is inconvenient." *See Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 745 (S.D. W. Va. 2010) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010)).

### III. DISCUSSION

As an initial matter, The Court notes that Plaintiffs concede that this action could have been brought in the Northern District of West Virginia. (See ECF No. 8 at 2.) As the parties do not dispute whether this action could have been properly brought in the Northern District, the Court will focus its inquiry on whether FMIC has met its burden of establishing that transfer to the Northern District is proper. *See United Bankshares, Inc. v. St. Paul Mercury Ins. Co.*, No. 6:10-cv-00188, 2010 WL 4630212, at *9 (S.D. W. Va. Nov. 4, 2010)

First, none of the allegations in the Complaint have any connection to the present forum. Therefore, the Court applies the presumption in favor of Plaintiffs' forum choice with less force. *See Klay v. AXA Equitable Life Ins. Co.*, No. 5:08-cv-118, 2009 WL 36759, at *3 (N.D. W. Va. Jan. 6, 2009) ("'[W]here the plaintiff's choice of forum is a place where neither the plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of action accrued,' that choice weighs less in the Court's consideration." (quoting *Ion Beam Applications, S.A. v. Titan Corp.*, 156 F. Supp. 2d 552, 563 (E.D. Va. 2000))). However, in light of the other relevant factors, the Court concludes that a transfer of venue in this case is not warranted.

FMIC has not raised any argument that all of the sources of proof are located in the Northern District. *See United Bankshares, Inc. v. St. Paul Mercury Ins. Co.*, No. 6:10-cv-00188, 2010 WL 4630212, at *10 (S.D. W. Va. Nov. 4, 2010). Further, as this is an insurance coverage dispute that will likely only involve the insurance contract and the Complaint, only limited factual discovery, if any, will be needed. Thus, even if these sources of proof are in the Northern District, the limited necessity of these sources causes this factor to only weigh slightly in favor of transfer.

As to the convenience of non-party witnesses, "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and

their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Samsung Elec. Co, Ltd., v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2008). FMIC has not met its burden of showing that the witnesses most relevant to this matter will be inconvenienced by this action being in this District. FMIC simply asserts that any West Virginia based witnesses are located in the Northern District and that there are out of state witnesses that may need to travel to West Virginia. (*See* ECF No. 7 at 6.) FMIC does not identify who these witnesses are and their level of necessity to resolving this action. Further, Plaintiffs have stated they do not plan to engage in significant discovery. That, along with the nature of this action, makes it unlikely that there will be a need to have witnesses travel frequently such that proximity to a major airport is necessary. (*See* ECF No. 8 at 4.) Accordingly, the second factor does not weigh in favor of transfer. *See United Bankshares*, 2010 WL 4630212, at *11, 12; *see also Michael v. Wyeth, LLC*, No. 2:04-cv-0435, 2011 WL 1807575, at *2 (S.D. W. Va. May 11, 2011).

As to the third factor, because FMIC has not met its burden of identifying necessary, non-party witnesses it is difficult for the Court to assess the cost of obtaining witnesses and the availability of compulsory process. To the extent these witnesses are in the Northern District of West Virginia, the travel cost for those witnesses will be greater if they have to travel to the Southern District. However, the Court cannot give much weight to this factor as the lack of information provided FMIC regarding these witnesses makes it difficult for the Court definitively find that the Northern District of West Virginia is more cost-effective for these witnesses.

The fourth factor, the availability of compulsory process, is a non-issue for any of the witnesses located in West Virginia because, under the federal and West Virginia rules of civil procedure, "nonparty subpoenas may be served at any place within this state." *Michael*, 2011 WL 1807575, at *3 (quoting *Williams v. PNC Bank*, No. 2:09-cv-953, 2010 WL 417424, at *4 (S.D. W.

4

Va. Jan. 29, 2010)). To the extent that there are witnesses located out of state, the Court cannot properly assess the availability of compulsory process as FMIC has not provided sufficient information. Accordingly, the fourth factor does not weigh in favor of transfer.

As to the interest of having local controversies decided at home, this action involves a West Virginia law firm. Further, the underlying events that gave rise to the lawsuit took place in West Virginia. FMIC narrowly characterizes "local" as only being the Northern District of West Virginia. However, West Virginia as a whole would have an interest in the litigation. *See Michael*, 2011 WL 1807575, at *3. Accordingly, the sixth factor does not weigh in favor of transfer.

Lastly, the interests of justice would not be better served in the Northern District of West Virginia. In considering this factor, the Court "must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the 'interest of justice.'" *Stewart Org.*, 487 U.S. at 30. "Judicial economy and the avoidance of inconsistent judgments are among the principal elements of systemic integrity." *Samsung*, 386 F. Supp. 2d at 720. In support of its motion, FMIC focuses heavily on the number of pending cases in the Southern District being greater than the number of pending cases in the Northern District. (*See* ECF No. 7 at 7.) The Court finds this argument disingenuous and bewildering. FMIC's counsel is well aware that the high number of pending cases in the Southern District is due to the large number of multi-district litigation cases ("MDL"). As FMIC's counsel's firm is involved in the MDLs, FMIC's counsel knows that the MDLs are handled differently, assigned predominantly to one judge, are moving toward resolution, and, thus, have no bearing on the capacity of the Court to handle non-MDL cases. Accordingly, this factor does not weigh in favor of transfer.

Having weighed the above factors, only the first and third factors weigh slightly in favor of transfer. Accordingly, the Court concludes that transfer of this case to the Northern District is not proper.

### IV. CONCLUSION

For the reasons discussed more fully above, the Court **DENIES** FMIC's Motion to Transfer. (ECF No. 6.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 27, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE